Van Brunt, P. J.
In the disposition of this appeal it seems only necessary to consider an exception taken to the exclusion of evidence upon the trial of the action.
The defendants were the attorneys for one Alexander Low, who had recovered judgment against the Brooklyn, Flatbush and Coney Island Railroad Company, and which judgment was subsequently paid to said attorneys. The said Low being indebted to the plaintiff for goods sold and delivered, on the 18th of March, 1880, gave an order upon his attorneys, the defendants, directing them to pay to the plaintiff all moneys collected or received by them upon said judgment after the payment of their costs, charges and fees therein. This order was delivered to the defendants on the day when it was given. On the 23d of October, 1883, Low countermanded his order of March 18, 1880. The plaintiff having, after such countermand and the payment of said judgment, made a demand upon the defendants to carry out the order of March 18, 1880, which they refused, subsequently this action was begun to compel the defendants to account for the proceeds of said judgment after the deduction of their costs, charges and fees therein. The defendants answering, set up the above facts and alléged that the said Alexander Low had been fully paid by them all sums to which he was entitled growing out of the action above mentioned.
Upon the trial of the action it was claimed by the plaintiff that at the time of the giving of this assignment Low owed to him a balance of $3,000 or $4,000. Low was called as a witness and asked the following questions:
‘'Have you taken from your books a statement of the amount that you paid Mr. Hussey between 1880 and 1885? ”
This question was objected to by the plaintiff’s counsel because the books are the best evidence. Objection sustained, exception taken.
Q. Are you able, after looking at this statement, to say how much you have paid ? A. After looking at the paper I could tell.
Q. Look at this paper and state how much has been paid ?
This was also objected to on the same ground; the objection was sustained, and the defendants excepted.
This ruling seems to have been error because the rule appears to be well established, as follows: The law as to the use of memoranda by witnesses while _ testifying is *429 quite well settled in this state A witness may, for the purpose of refreshing his memory, use any memoranda, whether made by himself or another, written or printed, and when his memory has thus been refreshed he must testify to the fact of his own knowledge, the memoranda itself not being evidence. Howard v. McDonough, 77 N. Y., 593.
Therefore, in the case at bar the witness had a right to refresh his recollection by looking at the statement if such statement would refresh his memory, and he would, after such application, be able to testify from his recollection, independently of the paper. It may have been true that if the witness had been cross-examined in reference to this statement, it might have been shown that he had no recollection independent of the statement, and perhaps, under such circumstances, he would not have been allowed to testify from the statement, but as his evidence shows or tends to show, that after looking at the paper, his recollection would have been refreshed, and he would have been able to state how much had been paid by himself to Hussey, on account of the indebtedness existing between them, therefore, if the testimony was material, an error was committed.
It is urged, however, that the exception is untenable, upon the ground that the evidence was immaterial, the claim being that the assignment of March 18 1880, was absolute and irrevocable, and that it was founded upon the indebtedness then existing which is conceded. The concession that the assignment was absolute does not appear in the case, hut the plaintiff has sworn in the petition contained in the case that it was given to him for the purpose of securing to him said Low’s indebtedness, which seems to be inconsistent with the idea that the assignment was absolute and extinguished the debt. In any event, the defendants had a right to show that subsequent to the assignment Low had paid his indebtedness in full, to Hussey, and that therefore, he had a right to revoke the order, and that the plaintiff had no right to the funds in the defendant’s hands.
It might be that if the objection had been taken that as the defendants had not alleged in their answer this payment by Low to the plaintiff, that a ruling sustaining the objection might be upheld. But if that objection had been taken at the trial, there would undoubtedly have been an application to amend the answer, which amendment the court would have been justified in granting and thus the evidence rendered material. But the only objection taken was that • the books were the best evidence, which objection, as has been above shown, was not well taken.
It would appear, therefore, that it was error to reject the *430 evidence upon the ground stated, and that the judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.
Brady and Daniels, JJ . concur.